UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AARON VANDIVER,

      Plaintiff,

      v.

QUANTUM DYNAMIX, LLC, and
MICHAEL WIJAS, individually and d/b/a
QUANTUM DYNAMICS 365,

      Defendants.

No. 25 CV 2841

Judge Manish S. Shah

MEMORANDUM OPINION AND ORDER

Plaintiff Aaron Vandiver sued his former employer, defendants Quantum Dynamix and Michael Wijas, for violations of the Fair Labor Standards Act, the Illinois Minimum Wage Act, the Illinois Wage Payment and Collection Act, and the Chicago Minimum Wage Ordinance. Defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons discussed below, the motion is granted in part and denied in part.

I.      Legal Standards

A complaint requires only "a short and plain statement" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements" are insufficient. *Id.* At this stage, I accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Id.*

Whether an employee is exempt from the Fair Labor Standards Act minimum wage and overtime pay requirements is an affirmative defense. *Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 640 (7th Cir. 2022). Complaints "need not anticipate and overcome affirmative defenses." *LJM Partners, Ltd. v. Barclays Cap., Inc.*, 165 F.4th 552, 562 (7th Cir. 2026) (quoting *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009)). I may only dismiss a complaint based on an affirmative defense if a plaintiff pleads "himself out of court by including 'facts that establish an impenetrable defense to'" his claims. *Luna Vanegas*, 46 F.4th at 640 (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008)).

## II.    Facts

Defendants Quantum Dynamix and Michael Wijas hired plaintiff Aaron Vandiver as a "Finance/T&L Solution Architect-D365 F&O." [1] ¶ 11.[1] Vandiver was hired as a salaried employee earning $170,000 a year, a bonus, additional earnings opportunities, and benefits including annual paid vacation. [1] ¶ 13. Vandiver admits that when he was first hired, he was exempt from the FLSA minimum wage and overtime pay requirements. [1] ¶ 14. A few years later, defendants switched Vandiver to hourly pay, offering at first $81.73 an hour, and later, decreased that to $70.00 an

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from plaintiff's complaint, [1].

hour. [1] ¶ 15. When he was switched to hourly pay, Vandiver also lost paid time off and sick leave benefits. [1] ¶ 16.

Starting in April 2024, defendants failed to pay Vandiver for all the hours that he worked. [1] ¶ 17. Instead, defendants would only pay Vandiver for approved client-billable hours. [1] ¶ 18. Vandiver was not paid for work he performed that could not be billed to a client. [1] ¶ 18. Wijas and Vandiver's direct supervisor would also review Vandiver's timesheet and reduce both Vandiver's billable and nonbillable hours to a capped number approved for billable hours. [1] ¶ 19. Vandiver's hours—and payment—were further reduced because of purported client issues. [1] ¶ 20. He was not paid any overtime wages. [1] ¶ 22. Sometimes, Vandiver's paycheck was delayed. [1] ¶ 21. He alleges that he complained to defendants more than once about their illegal payroll practices but was ignored. [1] ¶ 24. Instead, he alleges that defendants retaliated against him by further restricting his assignments and approved billable hours. [1] ¶ 25. Vandiver says he is owed about $47,000.00 for unpaid hours and overtime worked. [1] ¶ 23.

After about seven months of not being paid what he believed he was owed, Vandiver sent a letter to defendants through his attorney complaining about illegal payroll practices and demanding payment. [1] ¶ 26. Two days later, he was fired. [1] ¶ 27.

### III.   Analysis

#### A.   Minimum Wage and Overtime Provisions of the Fair Labor Standards Act

Defendants move to dismiss Vandiver's claims for failure to pay minimum wage and overtime under the Fair Labor Standards Act because they say that Vandiver is exempt from FLSA minimum wage and overtime protections.

The FLSA requires employers to pay nonexempt employees a minimum wage and overtime compensation. *E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45, 47 (2025); 29 U.S.C. §§ 206–07. One exemption is for certain computer professionals. Under that provision, computer systems analysts, computer programmers, software engineers, or similarly skilled workers whose primary duties are related to computer systems or programs and who, if "compensated on an hourly basis, [are] compensated at a rate of not less than $27.63 an hour," are exempt from the minimum wage and overtime provisions of FLSA. 29 U.S.C. § 213(a)(17). Plaintiff does not argue that his primary duties disqualify him as a computer professional for the exemption. Instead, he argues that because defendants failed to pay him for hours worked, the complaint does not establish that defendants compensated him more than $27.63 an hour. I agree.

Whether an exemption applies to an employee is generally a question of fact that should not be addressed at the motion-to-dismiss stage. *Luna Vanegas*, 46 F.4th at 640. Defendants say that Vandiver has pleaded himself out of court by alleging that his duties, which did not change when he was changed to an hourly employee, qualified him as a computer professional and his hourly pay was $81.73 (later reduced

to $70.00)—well above the $27.63 threshold. But plaintiff also alleges that he was only paid for approved client-billable hours, not all the hours he worked. And even those approved client-billable hours were sometimes reduced or capped to a certain number. Compensable work under the FLSA may include work performed for the employer's benefit even if the employer elects not to pay for it. On the face of the complaint, it is possible that, after the reductions, plaintiff's paycheck could show he was paid less than $27.63 per hour and so would not be exempt. For example, say Vandiver worked 40 hours, and was only approved and paid for 10 of them. If the defendants paid him $81.73 per approved hour, he would only be paid $20.43 an hour for the 40 hours he actually worked—and less if the rate was $70.00 an hour. Additional factual development is needed to determine whether Vandiver is an exempt employee, and so I decline to dismiss his complaint on those grounds.

Defendants also contend that plaintiff's allegations were unsupported, conclusory allegations that do not state a claim for relief. They say that Vandiver's "naked assertions that Defendants violated the FLSA by failing to compensate him for an unspecified number of hours worked are not accepted as true for purposes of a motion to dismiss." [31] at 3.

Under the FLSA, employers must pay employees at least the federal minimum wage of $7.25 an hour and one-and-a-half times the employee's hourly rate for all hours worked above a forty-hour workweek. 29 U.S.C. §§ 206–07. To state a claim for violations of the minimum wage and overtime rules, Vandiver must "allege facts giving rise to a plausible inference that he was an employee within the meaning of

the Act and that he was underpaid for at least one workweek." *Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 664 (7th Cir. 2022). The "relevant unit for determining a pay violation is not wages per hour, but the average hourly wage across a workweek." *Hirst v. Skywest, Inc.*, 910 F.3d 961, 963 (7th Cir. 2018); *see also Bland v. Edward D. Jones & Co., L.P.*, 375 F.Supp.3d 962, 978 (N.D. Ill. 2019) ("To state a FLSA claim under the workweek averaging approach, then, the plaintiffs must plausibly allege at least one workweek for which the compensation they received, divided by their total compensable time, failed to meet the FLSA minimum [hourly] wage."). Plaintiffs are not required to "plead specific dates and times that they worked undercompensated hours," but must provide enough factual context to show that their claims are plausible. *Id.* at 966 (quoting *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (7th Cir. 2017)).

While Vandiver could have been more specific about the particular weeks he was not paid overtime, his allegations are sufficient to put defendants on notice as to the circumstances of his overtime claims. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1215 at 165–73 (3d ed. 2004)) (a claim for relief is meant to give the opposing party fair notice of the claim). His allegations that he was asked to and did work more than forty hours a week, and that when he did, he was not paid "any" overtime wages, raise an inference that there was at least one workweek in which he did not receive overtime. [1] ¶¶ 22, 36, 39. His overtime claim may proceed.

6

But Vandiver has not alleged a violation of the minimum wage provision of the FLSA because he does not "allege even a single workweek in which [he] received less than the federal minimum wage of $7.25 per hour." *Hirst*, 910 F.3d at 963. While Vandiver says that he was not paid for all of the hours he worked, that his hours were capped, and that defendants reduced his hours for his paycheck, he never alleges that he was paid below the federal minimum wage for at least one workweek. Even taking all inferences in Vandiver's favor, his allegations only raise an inference that he was underpaid for the number of hours he worked, *not* that he was paid less than minimum wage for any of those weeks. Without allegations that he was not paid minimum wage across a workweek, his claim for minimum wage violations fails.

## B. Retaliation

Defendants move to dismiss Vandiver's retaliation claims because there was no FLSA violation. But Vandiver *has* alleged at least an FLSA overtime violation claim, and it is possible for him to plead an FLSA minimum wage violation claim. And even if he could not plead an FLSA claim, it does not mean he could never plead a retaliation claim.

The FLSA makes it "unlawful for any person ... to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]." 29 U.S.C. § 215(a)(3). To state a retaliation claim, a plaintiff must plausibly allege that: (1) he engaged in an activity protected under the Act; (2) his employer took an adverse employment action against him; and (3) there is a causal

7

link between the two. *Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 894 (7th Cir. 2018). A plaintiff must also hold an objectively reasonable, good-faith belief that his employer violated the FLSA. *Id.* at 895.

Vandiver engaged in a protected activity by complaining to the defendants about their alleged illegal payroll practices. He alleges that because of his complaints, defendants restricted his assignments and approved billable hours—an adverse employment action causally linked to his complaint. His belief that his employers were violating the FLSA was objectively reasonable—he has alleged that he was not paid for all the hours he worked and none of the overtime he worked. Factual development is needed to determine whether Vandiver is an exempt employee, and whether, based on those facts, his belief was reasonable. He has stated a claim for retaliation.

Vandiver also engaged in a protected activity when he, through his attorney, sent a letter to defendants about their payroll practices and demanded payment of amounts owed. He says that two days later, he was terminated. This is enough to raise an inference that he was fired for complaining, *Kingman v. Frederickson*, 40 F.4th 597, 603 (7th Cir. 2022) (adverse employment action following "close on the heels" of protected activity can give rise to an inference of causation), and so he has also stated a claim for retaliation based on his termination.

## C.    Illinois State Law and Chicago Municipal Law Claims

Defendants also move to dismiss the claims for minimum wage and overtime pay violations under the Illinois Minimum Wage Act and the Chicago Minimum Wage

8

Ordinance, and the claims for unpaid wages and unauthorized deductions under the Illinois Wage Payment and Collection Act, for the same reasons they move to dismiss the FLSA claims. Both parties say that courts analyze wage claims under the FLSA, Illinois Minimum Wage Act, Illinois Wage Payment and Collection Act, and Chicago Municipal Wage Ordinance the same way. The language in the Illinois Minimum Wage Act and Chicago Municipal Wage Act parallel the language of the FLSA in many ways, so courts have applied the same standard to those claims and analyzed them together. S*ee Johnson v. Amazon.com Servs. LLC*, 2026 IL 132016, ¶ 20 ("Where provisions of the Wage Law are parallel to the FLSA, [the Illinois Supreme Court] recognizes that federal authority interpreting the parallel provision can be persuasive in interpreting the Wage Law."); *Chagoya v. City of Chicago*, 992 F.3d 607, 615 n.21 (7th Cir. 2021); *Urnikis-Negro v. Am. Fam. Prop. Servs.*, 616 F.3d 665, 672 n.3 (7th Cir. 2010). But this is not always the case, particularly when applying exemptions. *See Johnson*, 2026 IL 132016, ¶ 20 ("section 4a of the Wage Law contains the same general overtime provision of the FLSA," but did not incorporate certain exclusions set forth in the FLSA, so those exclusions are not read into the Illinois wage law). The Illinois Supreme Court has "counseled against grafting explicit restrictions in federal statutes onto the plain, unambiguous language of state statutes." *Johnson v. Amazon.com Servs. LLC*, __ F.4th __, 2026 WL 1657206, at *2 (7th Cir. June 9, 2026).

The Illinois Minimum Wage Act includes a list of exemptions, none of which include an exemption for computer professionals like there is in the FLSA. *Compare* 820 ILCS 105/4a(2) *with* 29 U.S.C. § 213(a). The Chicago Minimum Wage Ordinance

9

incorporates the Illinois Minimum Wage Act exemptions, not the FLSA exemptions. Chi. Mun. Code §§ 6-105-010, 6-105-040. In neither law is there a reference to the computer professional exemption in the FLSA. The Illinois Minimum Wage Act incorporates portions of the federal regulations laying out the "amount of salary required" to be subject to an exemption, 29 C.F.R. § 541.600, but it only incorporates subsections (a) and (b)—and does not reference subsection (d), which governs computer employee salaries. 820 ILCS 105/4a(2)(E). To read the computer professional exemption into the Illinois statute or Chicago municipal code would "depart from [their] plain language, in violation of [Illinois's] well-established rules of statutory interpretation." *Johnson*, 2026 IL 132016, ¶ 20. So even if the FLSA exemption applied to Vandiver, he could still bring Illinois Minimum Wage Act and Chicago Minimum Wage Ordinance claims.

But, like the FLSA claims, only Vandiver's overtime claims can go forward, because he has failed to allege that he was paid less than the minimum wage for at least one workweek. Unlike the exemptions in the FLSA, the minimum wage provision in the Illinois Minimum Wage Act parallel the FLSA's, so I look to the FLSA for guidance when interpreting that provision. *Johnson*, 2026 IL 132016, ¶ 20; *Chagoya*, 992 F.3d at 615 n.21. Because the Seventh Circuit has adopted a "per-workweek measure" for FLSA claims, the same measure is used for Illinois Minimum Wage Act claims. And for the same reasons Vandiver fails to state a claim for minimum wage violations under the FLSA, he also fails to state a claim for minimum

10

wage violations of the Illinois Minimum Wage Act and Chicago Minimum Wage Ordinance.

The Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq., is not analyzed in the same way as the other laws. *See Chagoya*, 992 F.3d at 615 n.21, 616–25 (analyzing the FLSA and Illinois Minimum Wage Act together and the Wage Payment and Collection Act separately). The Wage Payment and Collection Act "provides employees with a cause of action for the timely and complete payment of earned wages." *Id.* at 624 (quoting *Enger v. Chi. Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016)). "Wages" are "compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties." 820 ILCS 115/2. The Wage Payment and Collection Act requires a plaintiff to plead that they are owed compensation from defendants pursuant to an employment agreement, which is not required under the FLSA or Illinois Minimum Wage Act. *See Chagoya*, 992 F.3d at 624. Defendants do not argue that Vandiver failed to plead that there was an employment agreement or that defendants paid him as agreed in the contract. They make no arguments other than their FLSA argument that plaintiff failed to meet the pleading requirements for the Illinois Wage Payment and Collection Act. His claims for unpaid wages, unauthorized deductions, and retaliation pursuant to this statute can proceed.

## IV. Conclusion

Defendants' motion to dismiss, [23], is granted in part and denied in part. Vandiver's claims for failure to pay the minimum wage under the Fair Labor

11

Standards Act, Illinois Minimum Wage Act, and Chicago Minimum Wage Ordinance are dismissed without prejudice.[2] His claims for failure to pay overtime wages, retaliation, and for violations of the Illinois Wage Payment and Collection Act, remain.

ENTER:

_Manish S. Shah_
Manish S. Shah
United States District Judge

Date: June 11, 2026

---

[2] *Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 671–72 (7th Cir. 2023) (plaintiffs are "generally entitled to at least one chance to amend their complaint to cure an error in response to a district court's dismissal order") (internal quotation marks and citation omitted).

12